UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATTONIUM, INC.,

                Plaintiff,                      07 Civ. 6204(PKC)

    -against-

                                            MEMORANDUM
                                            AND ORDER
J & D ASSOCIATES, LLC, et al.,

                Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        J & D Associates, LLC (the "LLC") is a defendant in the above captioned action. Mr. David Underwood has written to the Court seeking permission to file an answer and a motion on behalf of the LLC which has "two principals" of which Mr. Underwood is one. Mr. Underwood does not claim to be an attorney and has expressed a general awareness of the requirement that an artificial entity be represented by an attorney admitted to practice in this Court.

        Recently, the United States Court of Appeals for the Second Circuit was faced with the question of whether the sole member of a limited liability company could represent the entity on an appeal to that Court. Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007). In its per curium opinion, the Court concluded that the policy considerations that apply to non-lawyer representation of artificial entities apply with equal force to a limited liability company, including one with a single member who seeks to represent the entity. Id.

        While it is perhaps not an exhaustive catalogue, some of the reasons for the rule prohibiting an artificial entity from being represented by a lay person associated with the entity (e.g. officer, principal, stockholder) were outlined in Shapiro, Bernstein & Co. v.

Continental Record Co., 386 F.2d 426, 427 (2d Cir.1967) (per curiam)); they include the following:

> In summary, they are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims. See Model Code of Professional Responsibility DR 7-102(A) (1 & 2) (1976).[1]

Despite the reported financial hardship to the LLC, there is no reason to depart from the prohibition in this case. Permission for the LLC to file an answer and motion by a non-lawyer member of the LLC is denied. I will, however, grant the LLC additional time to obtain an attorney, as set forth below.

**J & D ASSOCIATES, LLC IS ADVISED THAT IT MAY APPEAR IN THIS ACTION ONLY BY A LAWYER WHO IS ADMITTED TO PRACTICE BEFORE THIS COURT. IF A NOTICE OF APPEARANCE BY AN ADMITTED LAWYER IS NOT FILED BY NOVEMBER 2, 2007, THE PLAINTIFF MAY OBTAIN A CLERK'S CERTIFICATE OF DEFAULT AGAINST J & D ASSOCIATES, LLC AND MOVE FOR A DEFAULT JUDGMENT. IF A DEFAULT JUDGMENT IS ENTERED AGAINST J & D ASSOCIATES, LLC, THE LAWSUIT WILL BE OVER AS AGAINST J & D ASSOCIATES, LLC AND THE LAWSUIT WILL HAVE BEEN DECIDED IN THE PLAINTIFF'S FAVOR.**

---

[1] While the would-be transfer of venue motion cites case law and is neatly presented, it does not comply with the Pre-Motion Conference requirement of the undersigned. See Individual Practices (http://www1.nysd.uscourts.gov/judge_info.php?id=57 ). Moreover, it makes factual assertions concerning the key witnesses in the case without an affidavit, declaration or other evidentiary support.

THE TIME FOR J & D ASSOCIATES, LLC TO ANSWER OR MOVE WITH RESPECT TO THE SECOND AMENDED COMPALINT (Doc # 13) IS EXTENDED TO NOVEMBER 2, 2007.

THE INITIAL CONFERENCE IN THIS CASE FOR ALL PARTIES IS SET FOR NOVEMBER 20, 2007 AT 10:00 A.M. IN COURTROOM 12C.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 2, 2007